1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

KHALAFALA KHALAFALA,                    1:07-cv-00019-AWI-SMS (PC)

             Plaintiff,          FINDINGS AND RECOMMENDATIONS
                                        RECOMMENDING DISMISSAL OF ACTION
   v.                                   FOR FAILURE TO EXHAUST

JAMES E. TILTON, et. al.,               (Doc. 1)

           Defendants.         OBJECTIONS DUE WITHIN TWENTY DAYS
_____/

      Khalafala Khalafala ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action.  Plaintiff filed this action on December 19, 2006.  In his complaint, Plaintiff alleges that there is no administrative remedy process at his institution, and he did not file a grievance because he is seeking only money damages, which is not an available remedy.

      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

///

1   731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating

2   to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

3        The Court takes judicial notice of the fact that the California Department of Corrections and

4   Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit.

5   15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).

6   Four levels of appeal are involved, including the informal level, first formal level, second formal

7   level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must

8   be submitted within fifteen working days of the event being appealed, and the process is initiated by

9   submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id.

10  at §§ 3084.5, 3084.6(c).

11       In order to satisfy section 1997e(a), California state prisoners are required to use the available

12  process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378,

13  2383 (2006); McKinney, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and

14  . . . unexhausted claims cannot be brought in court."  Jones, 127 S.Ct. at 918-19 (citing Porter, 435

15  U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet

16  federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (quoting

17  Booth, 532 U.S. at 739 n.5).  The facts that Plaintiff is only seeking money damages in this action

18  and that the prison grievance process does not provide money do not relieve Plaintiff from the

19  statutory mandate that he exhaust his claim through the grievance process before he files suit.

20  Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted, this action

21  must be dismissed.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)

22  ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

23       Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without

24  prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims

25  prior to filing suit.

26       This Finding and Recommendation will be submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20)**

28  **days** after being served with this Finding and Recommendation, Plaintiff may file written objections

with the Court.  The document should be captioned "Objection to Magistrate Judge's Finding and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** __**October 21, 2008**__            __**/s/ Sandra M. Snyder**__
                                        UNITED STATES MAGISTRATE JUDGE